JUDGE TUCKER.
The appellant upon leave granted by the County Court of K. W. sued out a scire facias, to revive a former judgment, directed to the Sheriff of that County, in October, 1792; to which there was the return of not found made: a second scire facias was issued and returned in like manner; and judgment was thereupon entered at the rules in March, 1793. And that judgment became final (not being *651 set aside, or pleaded to) at the succeeding Court in May. Upon a supersedeas to this judgment, the District Court of K. and Q. reversed the same, and remanded the cause to the Count}' Court, with leave to the defendant to plead thereto.
I said, the ground upon which this judgment was reversed in the District Court, in which I then sat, was, that, by the 48th section of the District Court Law, which took effect January 1st, 1793, it is directed that no judgment shall be rendered on the return of two nihils, unless the defendant reside in the District, or be absent from the Commonwealth; which regulation, it was supposed, extended to the County Courts, under the general provision in the County Court Law, that their proceedings, where not otherwise directed, shall conform, as near as maybe, to the proceedings and practice of the District Courts. But, I have since discovered a similar clause in the County Court Law, sect. 30, (a) and, by the last section of that act, its commencement was postponed to the first of May, 1793. The office judgment was entered in March, and, there being no motion to set it aside at the next term, it was final thereafter.
*A second judgment having been rendered in favour of the appellants, and that judgment also reversed by the District Court, from which last judgment of reversal, there is an appeal to this Court, a question arises whether this Court can now correct the firsi judgment of the District Court, reversing that of the County Court upon the return of two nihils, on the grounds before mentioned, or not. And I am of opinion that we may. For, although where a judgment of reversal puts an end to the question of right between the parties, or to the action, such judgment (being in its nature final) cannot be disturbed, or inquired into in a collateral way, but remains in full force, unless reversed in this Court, upon an appeal, writ of error, or supersedeas; yet, where such judgment of reversal neither determines the right in question, nor the action, but merely directs a new trial, or new pleadings, for some error or omission therein, the whole of the proceedings (until a judgment in its nature final) are so far in fieri, as that this Court may take notice of the first error, where-ever it may happen: as appears from the cases of Robinson v. Gains, 3 Call, 243; and Biggers v. Alderson, 1 Hen. & Munf. 54, and Fisher’s Executors v. Duncan and Turnbull, ibid. 574, 577.
JUDGES ROANE and FLEMING
were of the same opinion.
Both the judgments of the District Court and the latter judgment of the County Court, were unanimously reversed, and the first judgment of the County Court affirmed, with damages according to law, from the date of the first writ of supersedeas.

 Rev. Code. 1 vol. p. 89.